IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI M. BOOKER, ESQ., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-cv-00741-CFK |
| CITY OF PHILADELPHIA, | : |
| Defendant. | : |

**DEFENDANT, THE CITY OF PHILADELPHIA'S, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant the City of Philadelphia (hereinafter, "Answering Defendant"), through undersigned counsel, answers Plaintiff's Amended Complaint as follows:

I. <u>Introduction</u>

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

II. <u>Jurisdiction and Venue</u>

2. Admitted.

3. Admitted in part. Admitted that this Court has jurisdiction. The remaining allegations of this paragraph are denied.

1

4. Admitted.

5. Admitted in part. It is admitted only that Plaintiff filed the said Charge of Discrimination. To the extent that the remaining allegations constitute legal conclusions no response is required. To the extent that any response is required, the remaining allegations are denied.

### III. Parties

6. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

7. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averments contained in this paragraph.

8. Admitted in part. It is admitted that the City of Philadelphia is a first-class municipality and the largest city by population in the Commonwealth of Pennsylvania and that Plaintiff was employed by the City of Philadelphia. It is denied that the sole duties of the Register of Wills are those identified by Plaintiff in this paragraph.

9. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

### IV. Factual Background

10. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

11. Admitted in part. It is admitted only that Plaintiff worked as a Clerical Aide for the Register of Wills beginning in 2014. It is denied Plaintiff ever held the title of Assistant Solicitor or that Plaintiff was subjected to an "unlawful termination." Answering Defendant denies that it or any of its servants, agents, and/or employees ever terminated Plaintiff in a manner inconsistent with the prevailing laws and regulations governing City of Philadelphia employees.

12. Denied as stated.  It is admitted only that, for part of her employment, Plaintiff was supervised by Sharon Wilson, Esq. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

13. Denied.

V. <u>Disability Discrimination/FMLA Violations</u>

14. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

15. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. Denied as stated. It is admitted only that Plaintiff made use of her accrued sick leave and paid time off for a variety of reasons during her employment. It is specifically denied that Answering Defendant or its agents, servants and/or employees ever unlawfully terminated Plaintiff.

19. Denied as stated. It is admitted only that Plaintiff claimed to have received a test result indicating she was positive for the COVID-19 virus in 2021. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. By way of further response, Plaintiff fails to identify to whom she is referring as "Defendant's management" and thus, Answering Defendant is unable to admit to any specific allegation regarding same.

20. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. Denied.

22. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

24. Denied as stated. It is admitted only that Plaintiff was instructed on how to complete her job duties and informed of the ways in which she was not performing up to expectations of the employees of the Register of Wills. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

25. Denied as stated. Answering Defendant is not currently aware of any complaints filed by Plaintiff with any human resources office associated with the Register of Wills. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

26. Denied. It is specifically denied that any act or failure to act on the part of Answering Defendant or its servants, employees and/or agents caused Plaintiff to seek or obtain any medical treatment as alleged in this paragraph. All remaining averments of this paragraph are denied. To the

extent that the remaining allegations in this paragraph constitute legal conclusions to which no response is required.

27. Denied as stated. It is admitted only that a medical professional completed documentation directed to the United States Department of Labor, Wage and Hour Division regarding FMLA leave in June 2021. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

28. Denied as stated. It is admitted only that Plaintiff sought medical care on June 28, 2021. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

29. Denied as stated. It is admitted only that Plaintiff sent a text message to Sharon Wilson on June 28, 2021. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments contained in this paragraph.

30. Denied as stated. It is admitted only that Plaintiff sent a text to Sharon Wilson on June 28, 2021, and that Wilson sent a responsive email, which is provided in part by Plaintiff in her Amended Complaint. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

31. Denied. Answering Defendant denies that it or any of its employees, servants and/or agents ever "berated" Plaintiff at any time as alleged in the Amended Complaint. To the extent that the remaining allegations in this paragraph constitute legal conclusions, no response is required. To the extent a response is required, denied.

32. Admitted in part. It is admitted only that Plaintiff sent an email on June 28, 2021, stating that she was in the hospital and did not know when she would return to work.

33. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

35. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

36. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

37. Denied as stated. It is admitted only that Plaintiff was notified via letter sent by FedEx that she was to be separated from her employment for job

abandonment. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and they are therefore denied.

38. Admitted in part. It is admitted only that Plaintiff forwarded a letter from Farzana Sayani, MD on or about July 6, 2021. It is further admitted that Plaintiff was separated from her employment for job abandonment. It is denied that Answering Defendant ever failed to accommodate Plaintiff in any manner. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and they are therefore denied. To the extent any of the allegations call for a legal conclusion, no response is required.

39. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40. The allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

41. Denied. The averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response may be required, denied.

42. Admitted.

43. (a)-(d) Denied as stated. It is admitted only that Plaintiff's work was subject to review and oversight. All other averments of this paragraph are denied.

44. Denied as stated. It is admitted only that Plaintiff was officially separated from employment with the City of Philadelphia for job abandonment on or about July 6, 2021. The remaining averments of this paragraph call for a legal conclusion to which no response is required.

45. The averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response may be required, denied.

## COUNT I

46. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

47. Denied as stated. It is admitted only that Plaintiff submitted a request for FMLA leave in June 2021. The remaining averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response may be required, denied.

48. Denied as stated. Plaintiff frequently failed to inform the appropriate members of the Register of Wills regarding her inability to complete the essential functions of her job and sought time off for a variety of non-medical reasons. It is admitted only that Plaintiff filed a request for FMLA intermittent leave in June 2021. The remaining averments in this paragraph are denied.

49. Denied as stated. Plaintiff frequently failed to perform the essential function of her role with the Register of Wills. It is admitted only that Plaintiff filed a request for FMLA intermittent leave in June 2021. The remaining averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response may be required, denied.

50. Denied as stated. It is admitted only that Answering Defendant permitted Plaintiff, at all relevant times, to make use of accrued sick time, vacation or other paid time off as permitted under Defendant's policies. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph and they are therefore denied. The remaining averments of this paragraph call for a legal conclusion to which no response is required. To the extent a response may be required, denied.

51. Denied. It is specifically denied that Plaintiff was subjected to animosity or was demeaned in any manner. The remaining averments of this paragraph call for a legal conclusion to which no response is required.

52. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and they are therefore denied.

53. Denied as stated. Plaintiff was subject to oversight and review of her work and was subject to the same review process and potential discipline as other

individuals within the Register of Wills. The remaining averments of this paragraph call for a legal conclusion to which no response is required.

54. Denied. Plaintiff was terminated for job abandonment on or about July 6, 2021, following a lengthy period in which she failed to perform the essential functions of her employment. The remaining averments of this paragraph call for a legal conclusion to which no response is required.

55. Denied as stated. The letter to Plaintiff of July 2, 2021, notes that she failed to communicate with her direct supervisor for four (4) working days, did not appear for work, and was subject to termination for job abandonment. Plaintiff was subsequently informed on July 6, 2021, that she was separated from the Register of Wills for job abandonment.

56. Denied. Plaintiff failed to provide any such letter until July 6, 2021. It is specifically denied that Plaintiff kept her supervisor, Sharon Wilson, aware of her condition between June 29 and July 2, 2021.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph

57. Denied. Answering Defendant received no communication from Plaintiff between June 29 and July 2, 2021, indicating that she planned to return to work. The remaining averments of this paragraph call for a legal conclusion to which no response is required.

...

58. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

59. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## COUNT II

60. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

61. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

62. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

63. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

64. Admitted.

65. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

66. Denied as stated. Plaintiff was separated for job abandonment. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph. The remaining allegations are therefore denied.

67. Denied. Answering Defendant specifically denies that Plaintiff's prior request for FMLA leave bore any relationship to her separation for job abandonment. Answering Defendant further denies that Plaintiff was subjected to any negative comments regarding her request for FMLA leave. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

68. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## COUNT III

69. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

70. Denied. Answering Defendant specifically denies that Plaintiff was ever subjected to any verbal reprimands or derogatory treatment due to her race. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

71. Denied.

72. Denied that Plaintiff's separation from employment was done for any illegitimate or pretextual reason. Plaintiff was separated on or about July 6, 2021, for job abandonment.

73. Answering Defendant has no knowledge or means of ascertaining the truth or falsity of the allegations regarding Plaintiff's internal belief of the reason for her separation and therefore the allegations are denied. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

74. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## COUNT IV

75. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

76. Denied. Answering Defendant specifically denies that Plaintiff was ever subjected to any verbal reprimands or derogatory treatment due to her race. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

77. Denied.

78. Denied that Plaintiff's separation from employment was done for any illegitimate or pretextual reason. Plaintiff was separated on or about July 6, 2021, for job abandonment.

79. Answering Defendant has no knowledge or means of ascertaining the truth or falsity of the allegations regarding Plaintiff's internal belief of the reason for her separation and therefore the allegations are denied.

80. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## COUNT V

81. Answering Defendant incorporates by reference its answers to the preceding paragraphs, inclusive, as though fully set forth herein.

82. Denied.

83. Denied.

84. Denied. Plaintiff was separated from employment on or about July 6, 2021, for job abandonment.

85. Answering Defendant has no knowledge or means of ascertaining the truth or falsity of the allegations regarding Plaintiff's internal belief of the reason for her separation and therefore the allegations are denied. The remaining allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

86. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## AS TO THE PRAYER FOR RELIEF

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

F. Answering Defendant does not dispute Plaintiff's right to a jury trial.

## JURY DEMAND

Answering Defendant demands a jury trial in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant asserts all the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto. Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

### THIRD AFFIRMATIVE DEFENSE

Defendant's actions or omissions did not constitute a violation, willful or otherwise, of Americans with Disabilities Act.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's actions or omissions did not constitute a violation, willful or otherwise, of the Family and Medical Leave Act.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's actions or omissions did not constitute a violation, willful or otherwise, of Title VII of the Civil Rights Act of 1964.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's actions or omissions did not constitute a violation, willful or otherwise, of 42 U.S.C. §1981.

**WHEREFORE,** Answering Defendant denies that it is liable on the cause of actions declared herein, and demand judgment in its favor plus interest and costs.

                                                       Respectfully submitted,

                                                       CITY OF PHILADELPHIA
                                                       LAW DEPARTMENT

Date: <u>June 13, 2022</u>                    BY:  <u>s/ Michael J. Sheehan</u>
                                                            Michael J. Sheehan
                                                            Assistant City Solicitor
                                                            Pa. Attorney ID No. 321440
                                                           City of Philadelphia Law Dept.
                                                           1515 Arch St., 16th Fl.
                                                           Philadelphia, PA 19102
                                                           (215) 683-5362
                                                           michael.sheehan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRI M. BOOKER, ESQ.,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 22-cv-00741-CFK |
| : | |
| **CITY OF PHILADELPHIA,** : | |
| : | |
| Defendant. : | |

## CERTIFICATE OF SERVICE

I, Michael J. Sheehan, hereby certify that on this date I caused the foregoing **Defendant the City of Philadelphia's Answer to Plaintiff's Amended Complaint** to be filed electronically, where it is available for viewing and downloading.

                                                      Respectfully submitted,

                                                      CITY OF PHILADELPHIA
                                                      LAW DEPARTMENT

Date:  June 13, 2022                       BY:   s/ Michael J. Sheehan
                                                             Michael J. Sheehan
                                                              Assistant City Solicitor